# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

PAUL D. MCCLAIN,

        Plaintiff,

vs.

CORINTHIAN COLLEGES INC.,

        Defendant.

2:14-cv-00695-JCM-VCF

**ORDER GRANTING MOTION TO WITHDRAW (#13) and**
**REPORT AND RECOMMENDATION TO GRANT MOTION TO ENFORCE SETTLEMENT AGREEMENT (#14)**

    The two motions listed above have been referred to the undersigned U.S. Magistrate Judge. Both motions were heard on January 9, 2015. There is no opposition to the Motion to Withdraw. Although no written opposition was filed in response to the Motion to Enforce Settlement Agreement, during the hearing plaintiff raised the issue of the applicability of 21-day review and 7-day revocation provisions of the Older Workers Benefits Protection Act ("OWBPA"), 29 U.S.C. §§ 626(f)(1)(F)(i) and 626(f)(1)(G).

    The court ordered briefing on this issue. Defendant filed timely filed its brief. The time has expired for plaintiff to file his brief and no brief was filed.

    The material facts regarding the settlement agreement at issue are not in dispute, and may be summarized as follows.

1. The parties participated in an Early Neutral Evaluation ("ENE") conference on September 30, 2014. No settlement was reached that day, but the ENE was continued until 10:00 AM on October 7, 2014. (#10).

2. On October 3, 2015, defense counsel invited plaintiff's counsel to continue settlement negotiations and plaintiff's counsel responded in the affirmative. Declaration of Matthew L. Durham (#14-1) Para. 4.

3. On October 6, 2015, defense counsel offered to settle this case for $15,000 in exchange for (1) a release of all claims by plaintiff, and (2) plaintiff's agreement to keep the terms of the settlement confidential or be subject to liquidated damages. Plaintiff's counsel accepted that offer and provided specific instructions for the payment of the settlement sum. *Id.* Para. 5.

4. On that same day, defendant filed a notice of settlement (#11) bearing the electronic signature of plaintiff's counsel and defense counsel. Later that same day, Magistrate Judge Koppe vacated the October 7, 2015, continuation of the ENE. (#12)

5. On October 15, 2015, defense counsel sent a draft written settlement agreement to plaintiff's counsel. *Id.* Para. 7 and Exhibit 1(A) to the Durham Declaration (#14-2)

6. On October 25, 2015, plaintiff's counsel advised defense counsel that plaintiff won't sign the agreement, as he now wants to go forward with the lawsuit. Plaintiff's counsel also advises defense counsel of his intent to withdraw from representing plaintiff. *Id.* Para. 8 and Exhibit 1(B) to the Durham Declaration (#14-3).

**I.     THE PARTIES AGREED TO THE SETTLEMENT TERMS ON OCTOBER 6, 2014**

This Court "has inherent authority under federal law to enforce a settlement agreement in an action pending before it." *Singh v. Rex Reed,* 2011 WL 6961387, *2 (D. Nev. Sept. 16, 2011) citing *Callie v. Near,* 829 F.2d 888, 890 (9th Cir. 1987); *TNT Marketing, Inc. v. Agresti,* 796 F.2d 276, 278 (9th Cir. 1986). Indeed, the Ninth Circuit has recognized that "it is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the

litigation is pending before it." *In re City Equities Anaheim,* 22 F.3d 954, 957 (9th Cir. 1994) (internal quotations omitted).

A settlement agreement is binding when the parties have a meeting of the minds as to the material terms. *See May v. Anderson,* 119 P.3d 1254, 1258 (Nev. 2005). A settlement agreement need not be memorialized by a signed agreement to be enforceable. *See id.* at 1259. "Where a complete contract was made orally, the fact that it was expected that a written contract would afterwards be signed, embodying the terms of the oral contract, does not prevent the oral contract from taking effect." *Micheletti v. Fugitt,* 134 P.2d 99, 104 (Nev. 1943) (citing *Cohn v. Plumer,* 60 N.W. 1000, 1001 (Wis. 1894)).

Here, the parties entered into the Settlement on October 6, 2014. Although McClain now refuses to sign the written agreement, the Court should enforce the Settlement because (1) there was an offer and acceptance, (2) the parties had a meeting of the minds as to the material terms, and (3) there was consideration.

## II. THE OWBPA DOES NOT PREVENT ENFORCEMENT OF THIS SETTLEMENT AGREEMEMNT

Under the OWBPA an employee may waive his ADEA rights only if the waiver is "knowing and voluntary." 29 U.S.C. § 626(f)(1). Generally, for a waiver to be considered knowing and voluntary, the employee must be given at least 21 days within which to consider the agreement containing the waiver and at least 7 days to revoke acceptance of the agreement *Id.*

Pursuant to 29 U.S.C § 626(f)(2), however, a different test of knowing and voluntary waiver applies when the employee is settling an age discrimination suit filed in court or a claim filed with the EEOC. That subsection states:

> **(2)** A waiver in settlement of a charge filed with the Equal Employment Opportunity Commission, or an action filed in court by the individual or the individual's representative, alleging age discrimination of a kind prohibited under

section 623 or 633a of this title may not be considered knowing and voluntary unless at a minimum—

**(A)** subparagraphs (A) through (E) of paragraph (1) have been met; and

**(B)** the individual is given a reasonable period of time within which to consider the settlement agreement.

Provisions (A) through (E) of paragraph on or 29 U.S.C. (f) require:

**(A)** the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate;

**(B)** the waiver specifically refers to rights or claims arising under this chapter;

**(C)** the individual does not waive rights or claims that may arise after the date the waiver is executed;

**(D)** the individual waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled;

**(E)** the individual is advised in writing to consult with an attorney prior to executing the agreement;

Here, plaintiff was represented by counsel and was asserting an age discrimination claim in this court. Counsel accepted the settlement agreement at the conclusion of negotiations that began under this court's supervision and continued for approximately one week. Plaintiff's counsel was acting on behalf of his client with authority when he accepted defendant's October 6, 2015 offer. The $15,000 in consideration was offered in exchange for a waiver of all existing claims against the defendant, including specifically the age discrimination claims asserted in this action. The waiver was knowing and voluntary.

**III.   THE SETTLEMENT AGREEMENT IS NO LONGER CONFIDENTIAL**

While the oral settlement agreement and the draft later prepared to memorialize the agreement had a confidentiality provision, that provision must now be stricken from the agreement. Defense

counsel filed a copy of the settlement agreement with the court in an unsealed condition as part of the Motion to Enforce Settlement Agreement. Had defense counsel requested sealing of this exhibit, he would have had to demonstrate a compelling interest for keeping an exhibit used to support a dispositive motion out of the public record. A party seeking to file a confidential document must also comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006):

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (citations omitted).

Here, it is unlikely that the burden would have been met. As the settlement is now public, it is recommended that the settlement agreement as enforced by the court not contain the language related to confidentiality.

At the January 9, 2015 hearing on the Motion to Withdraw, Mr. Segerblom waived his attorney's fee indicating that if the settlement agreement is enforced the entire settlement amount should be paid to plaintiff.

Accordingly,

IT IS HEREBY ORDERED that the Motion to Withdraw as Counsel (#13) is GRANTED.

IT IS FURTHER RECOMMENDED that the Motion to Enforce Settlement Agreement (#14) is GRANTED except for the provisions relating to confidentiality, which are not enforceable.

IT IS FURTHER RECOMMENDED that the case be dismissed in its entirety with prejudice on notice from defendant that the $15,000 in consideration has been paid to plaintiff.

IT IS FURTHER ORDERED that the court clerk mail a copy of this Order and Report and Recommendation to Plaintiff at the following address:

Paul McClain
2457 Swan Lane
Las Vegas, Nevada 89121

IT IS SO ORDERED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

DATED this 29th day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE