# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

PAUL D. McCLAIN,

    Plaintiff,

vs.

CORINTHIAN COLLEGES, INC.,

    Defendant.

Case No. 2:14–cv–695–JCM–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

**EMERGENCY MOTION FOR RECONSIDERATION (#19)**

    This matter involves Paul McClain's employment-discrimination action against Defendant Corinthian Colleges. Before the court is McClain's Emergency Motion for Reconsideration (#19[1]). Defendant opposed (#21). For the reasons stated below, the court affirms its recommendation that Defendant's Motion to Enforce the Settlement Agreement (#14) should be granted.

## BACKGROUND

    Plaintiff Paul McClain was terminated on April 25, 2013. On August 27, 2013, he filed a change of discrimination with the Nevada Equal Rights Commission, *see* (Compl. (#1) at Ex. 1), alleging that his former employer, Defendant Corinthian College, harassed and constructively terminated his employment because of his age (75). (*Id*. at 1:22). On April 9, 2014, the Equal Employment Opportunity Commission closed McClain's case and issued a right-to-sue letter. (*Id*. at Ex. 2).

    This action followed and settlement negotiations began. The parties participated in an Early Neutral Evaluation conference on September 30, 2014. (Mins. Proceedings #10). Although a settlement was not reached that day, the matter was continued until October 7, 2014. (*Id*.) On eve of the continued

---

[1] Parenthetical citation refer to the court's docket.

settlement conference, McClain accepted Corinthian's settlement offer. (Durham Aff. (#14-1) at ¶ 4). A noticed of settlement was filed the same day.[2] (Doc. #11).

On October 15, 2014, defense counsel sent a draft of the written agreement to plaintiff's counsel, which included the following provision: "Plaintiff may revoke his acceptance of this Agreement within seven (7) days after the date that he signs it." McClain never signed the draft agreement. (*Id*. at 2:11). On October 25, 2014, he informed his counsel that he wanted to go forward with the lawsuit. (*Id*. at 2:13–18). Plaintiff's counsel then moved to withdraw.

On November 11, 2014, Corinthian College moved to enforce the settlement agreement, which the court recommended granting on the merits and on account of McClain's failure to file an opposition. On February 2, 2015, McClain filed a substantive opposition and moved the court to reconsider its recommendation. McClain's motion raise one question: whether his agreement to settle his claims constitutes a knowing and voluntary waiver of his rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*. After considering McClain's untimely opposition, the court finds that McClain's waiver was knowing and voluntary.

## DISCUSSION

Under the Older Workers Benefit Protection Act, employees may not waive rights or claims arising under the Age Discrimination in Employment Act unless the waiver is "knowing and voluntary." 29 U.S.C. § 626(f)(1). To qualify as "knowing and voluntary," an employee must be given a certain amount of time to consider the waiver. If the employee has not filed an administrative charge or lawsuit in connection with these rights, the employee must be given "a period of at least 21 days within which to consider the agreement" and 7 days to revoke the agreement. 29 U.S.C. § 626(f)(1)(F)(i), (f)(1)(G). If an

---

[2] The terms of the settlement agreement are not relevant to the court's inquiry here.

administrative charge or lawsuit has been commenced, then the employee must be given "a reasonable period of time within which to consider the settlement." 29 U.S.C. § 626(f)(2)(B). Congress imposed these statutory requirements to ensure that "older workers are not coerced or manipulated into waiving their rights to seek legal relief under the ADEA." *Syverson v. Int'l Bus. Machs. Corp.*, 472 F.3d 1072, 1075–76 (9th Cir. 2007) (quoting S. Rep. No. 101–263, at 5 (1990)).

McClain contends that his waiver was not knowing and voluntary because the draft agreement provided for a 7 day safe-harbor period in which McClain could have revoked the agreement and that "an absurd result" would be reached if he is not permitted to reject the agreement simply because he did not sign it. The court disagrees. The statue merely requires "a reasonable period of time." The regulations define reasonable as "reasonable under all the circumstances, including whether the individual is represented by counsel or has the assistance of counsel." 29 C.F.R. § 1625.22(g)(4).

Here, McClain had a reasonable period of time to both accept and revoke the settlement. On September 30, 2014, McClain—who was then represented by counsel—participated in a three hour settlement conference. (*See* Mins. Proceedings #10). Although a settlement was not reached that day, the parties agreed to schedule additional settlement negotiations for October 7, 2014. (*Id.*) On October 6, a settlement was reached. The fact that McClain was represented by counsel, participated in a three hour settlement conference, and had time prior to October 5 to consider the settlement offer, with the advice of counsel, demonstrates that McClain had "a reasonable period of time" under the circumstances to accept Corinthian's settlement offer. As a result, the settlement agreement became enforceable on October 6, 2014. (See Doc. #11) (stating that a settlement had reached and the parties were in the process of memorializing the agreement).

McClain also had a reasonable period of time to revoke the settlement agreement. Between October 6, 2014 and October 24, 2014, McClain was represented by counsel and did not attempt to revoke

the settlement agreement during this time. Rather, he waited until October 25, 2014, to attempt to revoke the settlement agreement. This 19-day period far exceeds the 7-day period prescribed by 29 U.S.C. § 626(f)(1)(G), which is inapplicable, but informative.[3]

The court, therefore, finds that McClain had a reasonable period of time to consider (i.e., accept and revoke) the settlement agreement. This result is not rendered "absurd" because the draft settlement agreement would have given McClain additional time. The statute and draft settlement agreement are different authorities that provide different rights. If McClain wanted the additional rights provided by the draft settlement agreement, he should have signed it.

McClain also contends that because the statute prescribes for a 7-day revocation period for claims in which no administrative charge is filed, "anything shorter than 7 days should be conserved unreasonable here." The court disagrees. As stated above, the regulations define reasonable as "reasonable under all the circumstances, including whether the individual is represented by counsel or has the assistance of counsel." 29 C.F.R. § 1625.22(g)(4). The purpose of this time period is to enable an employee to recover from the "shock" of being terminated and ensure that they are not being "coerced." *See Syverson*, 72 F.3d at 1075–76. McClain was terminated on April 25, 2013. He waited from October 6 through October 25, 2014 before attempting to revoke the settlement agreement. These circumstances demonstrated that the statute's goals have been satisfied.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED THAT McClain's Emergency Motion for Reconsideration (#19) is GRANTED.

IT IS RECOMMENDED that the Motion to Enforce Settlement Agreement (#14) be GRANTED except for the provisions relating to confidentiality, which are not enforceable.

---

[3] This provision applies to matters where the employee did not file an administrative charge or commence a federal action, as McClain did here.

IT IS FURTHER RECOMMENDED that the case be dismissed in its entirety with prejudice on notice from defendant that the $15,000 in consideration has been paid to plaintiff.

IT IS FURTHER ORDERED that the court clerk mail a copy of this Order and Report and Recommendation to Plaintiff at the following address: Paul McClain, 2457 Swan Lane, Las Vegas, Nevada 89121.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 7th day of April, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE